# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Lorenzo Boyd, | : | Case No. 3:04CV7721 |
| | : | |
| Petitioner | : | Judge Lesley Wells |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Christine Money, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his convictions pursuant to a jury trial in three separate criminal cases consolidated for trial.[1]

In Case No. CR 404584, petitioner was convicted of one count of preparation of drugs for sale and one count of possession of drugs, upon which he was sentenced to twelve months incarceration on each count to be served concurrently, and concurrently with sentences in Case Nos. CR 417322 and CR 426363.  In Case No. CR 417322, petitioner was convicted of one count of possession of drugs and one count of drug trafficking, upon which he was sentenced to five years on each count to be served concurrently, and concurrently with sentences in Case Nos. CR 404584 and CR 426363.  In Case No. CR 426363, petitioner was convicted of two counts of drug trafficking, upon which he was sentenced to six months on each count to be served concurrently, and concurrently with sentences in Case Nos. CR

---

[1] The charges against petitioner were brought in Cuyahoga County Common Pleas Court.  Petitioner was charged with possession of drugs in a fourth case, Case No. CR 404164, but was acquitted of the charge.

404584 and 417322. The aggregate sentence imposed was five years in prison with three years of post-release control.

Petitioner, represented by new counsel, filed motions for leave to file delayed direct appeals of each of his convictions. Those were granted by the Ohio Eighth District Court of Appeals on June 16, 2003, and the appeals were consolidated. On August 1, 2003 the appeal was dismissed for failure of petitioner to file an appellant's brief, but a motion for reconsideration of that dismissal was granted on August 20, 2003 and the appeal was reinstated. On September 2, 2003 petitioner filed a brief in which he asserted the following four assignments of error:

> I. THE TRIAL COURT FAILED TO SUFFICIENTLY DOCUMENT THE JURY VERDICTS IN THE CASES AT BAR, SINCE NONE OF THE MULTIPLE JOURNAL ENTRIES IN THESE MATTERS REFLECT A FINDING OF GUILTY BY JURY.
>
> II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT JOINED MULTIPLE, UNRELATED CASES FOR TRIAL, CONTRARY TO CRIM. R. 13.
>
> III. THE JURY IMPROPERLY FOUND APPELLANT GUILTY OF CHARGES THAT WERE DISMISSED PRIOR TO TRIAL.
>
> IV. THE TRIAL COURT COMMITTED PLAIN ERROR BY REPEATEDLY ACCUSING APPELLANT OF TRYING TO "BLACKMAIL" HER.

On February 9, 2004 the appellate court affirmed the convictions, but remanded the case to the trial court for the limited purpose of correcting the December 10, 2002 journal entries to state that it was the jury, and not the trial court, which convicted petitioner.

Petitioner, acting *pro se*, appealed to the Ohio Supreme Court the affirmance of his convictions,

arguing the same four propositions of law which had been presented to the Eighth District Court of Appeals. On July 14, 2004 the state supreme court dismissed the appeal as not involving any substantial constitutional question. Petitioner's *pro se* motion for reconsideration was denied on September 29, 2004. He did not appeal to the United States Supreme Court.

On November 18, 2004 the petitioner filed the instant petition in which he raises the following four claims for relief:

> A. **GROUND ONE:** The trial court failed to sufficiently document the jury verdicts in the case at Bar, since none of the multiple journal entries in these matters reflect a finding of Guilt by jury.
>
> **Supporting FACTS:** It is axiomatice [sic] that trial courts speak through journal entries. State v. King (1994) 70 St. 3d 158, 162; Schenley v. Kauth (1953) 160 Ohio St. 109. In the case at bar the trial court did not disclose the various verdicts of the jury in these consolidated cases by way of journal entry, The court is without Jurisdiction to here [sic] the cases, as the appellant-petitioners speedy trial rights were violated 6 amendment [sic] Blakely v. Washington cite as 124 S.Ct. 2531 (2004) trial counsel failed to protect these rights.
>
> B. **GROUND TWO:** The Trial court committed reversible error When [sic] it joined multipul, [sic] unrelated cases for trial, contrary to Crim.R. 13.
>
> **Supporting FACTS:** A week prior to trial the State Filed motion for consolidation of all four cases for trial. opposition [sic] by defense was made a few days later December 2, 2002 date scheduled for trial the Court granted the State's motion to consolidate cases. In violation of Crim. R. 13 and See State v. Clements (1994) 98 Ohio App.3d 797 to dilute the presumption of innocence. This case was pending when Blakely v. Washington 124 S.Ct. 2531 (2004) was decided.
>
> C. **GROUND THREE:** The Jury improperly found appellant-petitioner [sic] guilty of charges that were dismissed prior to trial.

> **Supporting FACTS:** Prior to trial the State move [sic] to dismiss various counts in Cr 426363, counts 1, 2, 3, and 6. Tr. 108. At the conclusion of trial, the jury was allowed to signe [sic] "guilty" verdicts for "Count one" and "Count two" in Case number 426363, which was probably a product of consolidation which caused confucion [sic] violating 2929.12; 2929.19 (B) (2); 2929.14(E)(4) requires the trial court make at least three findings prior to sentencing an offender to consecutive sentence(s) Blakely v. Washington 124 S.Ct. 2531 (2004).
>
> **D. GROUND FOUR:** The trial Court committed plain error by repeatedly accussing [sic] appellant [sic] of trying to "Black mail" her.
>
> **Supporting FACTS:** In the Language that is as aberrant and bizarre as it is hostile and threatening, the trial court repeatedly insisted that Appellant was trying to "black mail" her by trying his cases. No such accusation is warranted from the recopd, [sic] and such language, without factual support, should not be sanctioned as valid oversight of plea negotiations. Indeed, such unsubstantiated vitriol can only undermine the integrity of proceedings, as it did here. Crim. R. 16(E)(2) constitutional Law Key 257 Withholding or Suppression by State of Material Eivendence [sic], Exculpatory to the accused is a violation of Due Process.

(Capitalization and punctuation as in original.)

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[2]

Respondent argues that petitioner's claims for relief have been procedurally defaulted in light of the fact that he failed to fairly present them to the state courts as federal constitutional violations and he failed to argue a consistent theory to the Ohio Eighth district and to the state supreme court in presenting the

---

[2] There are no issues of untimeliness in this case.

4

subject matter of his fourth claim for relief herein.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152,162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, mere use of the term "ineffective assistance" would not alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). For example, under a longstanding Ohio procedural rule a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1979), which in turn would leave no remaining available state remedies to exhaust.

However, having survived an exhaustion analysis a petitioner would nonetheless be barred from presenting claims for relief in habeas corpus which were not presented in the state courts unless he/she demonstrates cause for failure to fairly present the claims to the state courts and actual prejudice to his/her defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004); Clifford v. Chandler, 333 F.3d 724, 728 (6th Cir. 2003), cert. denied, 124 S. Ct. 1601 (2004), overruled in part on other grounds by Wiggins v. Smith, 539 U.S. 510 (2003); Alley v. Bell, 307 F.3d

6

380, 388 (6th Cir. 2002).

The four claims for relief raised by petitioner in these proceedings are nearly identical to those presented to the Ohio Eighth District Court of Appeals and to the Ohio Supreme Court. With the exception of his fourth argument to the state supreme court, petitioner articulated these claims of error purely as matters of state law, citing only state cases to bolster his arguments before the state courts, and failed to either raise arguments or rely on authorities which raised arguments employing federal constitutional analysis. Having failed to do so on direct appeal, there is no available state remedy to exhaust. Petitioner offers no evidence of cause for such default or prejudice arising therefrom. As a consequence, those claims should not be considered in these proceedings.

It was only in his fourth assignment of error to the state supreme court that petitioner asserted that he had been denied a federal constitutional right:

> The trial court had a duty to see that the appellant got a fair trial and that his rights were protected by Statute 2945.71-73 (D) and (E) where the appellant was held in lieu of bail and his U.S. and Ohio Constitutional right to Speedy trial was violated, the court insist [sic] because the appellant sought to exercise his right to trial he was attempting to blackmail her, The court of appeals holding is in violation of U.S. Supreme court precedents United States v. Marion, 404 U.S. 307, 304 (1971) State v Riley 69 Ohio App.3d 509, 591 NE 2d 263 (1990)

(Punctuation as in original). That claim of denial of his right to a speedy trial could have been but was not raised on direct appeal to the Ohio Eighth District and, therefore, would be barred from being raised in a delayed appeal or in a petition for post-conviction relief, see Collins v. Perini, supra at 593, which in turn would leave no remaining available state remedies to exhaust. As was the case with the preceding claims for relief, petitioner having offered no evidence of cause for such default or prejudice arising therefrom, the

7

fourth claim should not be considered in these proceedings.

Respondent also maintains, and this Court agrees, that petitioner's second and third claims for relief have been procedurally defaulted due to failure to raise contemporaneous objections at trial.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, supra at 138. Accord, Lancaster v. Adams, 324 F.3d 423, 436 (6th Cir. 2003).

In his second claim for relief petitioner alleges that the trial court improperly joined "multiple unrelated cases for trial." The state appellate court rejected this assignment of error in part on a procedural basis,[3] holding:

> We initially note that because Boyd failed to renew his objection to the
> joinder of the indictments at the close of the State's evidence or at the

---

[3]"When the state court relies on an independent procedural ground in order to deny relief, its discussion of the merits of the claim will not disturb the procedural bar. White v. Schotten, 201 F.3d 743 (6th Cir. 2000); Scott v. Mitchell, 209 F.3d 854 (6th Cir. 2000)." Clifford v. Chandler, supra at 728-29.

8

>conclusion of all the evidence, he has waived this issue on appeal except for plain error. See, *State v. Owens* (1975), 51 Ohio App.2d 132, 146; see, also, *State v. Saade,* Cuyahoga App. Nos. 80705/80706, 2002-Ohio-5564; *State v. Hill*, Cuyahoga App. No. 80582, 2002-Ohio-4585; *State v. Fortson* (Aug. 2, 2001), Cuyahoga App. No. 78240. But even if Boyd had renewed his objection to joinder, we find his argument lacks merit.

Similarly, in petitioner's third claim for relief he argues, as he did to the state appellate court, that the trial court erroneously instructed the jury upon, and included in the verdict forms, charges against him which had been dismissed prior to trial. In affirming the convictions the state appellate court found that petitioner had waived this claim for relief, holding in pertinent part:

>Because Boyd failed to raise any objection at the trial level and even consented to the charge and jury verdict forms, we find that he has waived this argument and that no plain error exists. Crim. R. 30(A). See, also, *Coley,* supra, at 226.

Applying the four-part analysis to the present case, petitioner's second and third claims herein were deemed by the state court to have been waived for failure to raise contemporaneous objections at trial, an adequate and independent basis upon which Ohio courts regularly deny review. Greer v. Mitchell, 264 F.3d 663 (6th Cir. 2001); Scott v. Mitchell, supra; Lockett v. Arn, 728 F.2d 266 (6th Cir. 1984), cert. denied, 478 U.S. 1019 (1986). Petitioner having failed to offer any evidence of cause for the procedural defaults or prejudice, this Court could refuse to consider these two claims in these proceedings.

Procedural default aside, however, petitioner's claims for relief would also fail upon merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with

9

> respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal

10

habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In his first, second and third claims for relief petitioner challenges actions taken by the state courts as having violated state law.

In his first claim for relief petitioner alleges, as he did to the Ohio Eighth District, that the jury verdicts did not accurately reflect a finding of guilt by the jury.

The state courts addressed this purely as a matter of state law and held:

> In his first assignment of error, Boyd contends that the trial court failed to correctly journalize the jury's verdict and, therefore, his conviction should be vacated. Specifically, he argues that because the docket reflects that the "court" rather than the "jury" found him guilty, his conviction should be vacated.
>
> In support of his argument, Boyd relies solely on *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, wherein the Ohio Supreme Court held that a trial court's failure to properly journalize a jury waiver invalidates the waiver. Boyd argues that the requirement to properly journalize the jury's decision is analogous to journalizing a jury waiver and, therefore, failure to properly journalize the jury's decision mandates a reversal of his conviction. We disagree.
>
> Boyd fails to recognize that the execution of a jury waiver is governed by statute, i.e., R.C. 2945.05, which specifically requires the journalization of a jury waiver. Strict compliance with the statute is required to ensure that the defendant knowingly, voluntarily, and intelligently waived his/her constitutional right to a jury trial. Absent strict compliance with R.C. 2945.05, it is presumed that the defendant has been prejudiced and the waiver was not knowingly, voluntarily, and intelligently made. See, *State v. Pless* (1996), 74 Ohio St.3d 333.

11

> In contrast, a trial court's failure to properly journalize the jury's verdict, after it has been stated in open court on the record and transcribed, does not constitute a denial of a defendant's constitutional right. Moreover, although the trial court speaks through its journal and should journalize the jury's verdict properly, Boyd has not suffered any prejudice as a result of the clerical error nor is there any statute mandating a reversal as a result of the error. Rather, the proper remedy for correcting the clerical error is simply making a nunc pro tunc entry. See, *State v. Brown* (2000), 136 Ohio App.3d 816.
>
> In fact, Crim.R. 36 specifically allows for the trial court to correct a clerical mistake in a judgment or order at any time, and App.R. 9(E) authorizes this court to direct that the misstatement be corrected. Accordingly, we order the trial court to correct the record with a nunc pro tunc entry, modifying its order of December 10, 2002 in each case to reflect that the finding of guilt was made by the jury.

Based on the foregoing, there would be no basis for relief in habeas corpus considering that the wrong complained of was corrected by the state appellate court. That being so, petitioner's first claim for relief must fail.

In petitioner's second claim for relief he alleges that the trial court improperly joined "multiple unrelated cases for trial."

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution. See, Floyd v. Alexander, 148 F.3d 615, 619 (6th Cir.), cert. denied, 525 U.S. 1025 (1998); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 510 U.S. 1201 (1994). It is the obligation of this Court to accept as valid a state court's

12

interpretation of the statutes and rules of practice of that state. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accord, Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986).

Petitioner argued this issue to the state appellate court as an issue of state law and that court rejected his argument, holding in pertinent part:

> In his second assignment of error, Boyd contends that the trial court erred by joining all four indictments for one trial. Specifically, he argues that the offenses charged are wholly unrelated, occurred over an eighteen-month period, and involved different facts and investigations. He claims that the cumulative effect of the joinder allowed the State to present a stronger case against him, whereas if the indictments were tried separately, the jury would not have found him guilty.
>
> \* \* \* \* \*
>
> Thus, pursuant to Crim.R. 8(A) and 13, two or more offenses can be tried together if the offenses are of the same character, based on connected transactions, or are part of a course of conduct. Generally, the law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged are of the same or similar character. *State v. Lott* (1990), 51 Ohio St.3d 160, 163.
>
> However, if joinder would prejudice a defendant, the trial court is required to order separate trials. Crim.R. 14. It is the defendant who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. *Hill,* supra, citing *State v. Coley* (2001), 93 Ohio St.3d 253. A defendant's claim of prejudice is negated when: (1) evidence of the other crimes would have been admissible as "other acts" evidence under Evid.R. 404(B); or (2) the evidence of each crime joined at trial is simple and direct. *Lott*, supra, at 163; see, also *State v. Schaim* (1992), 65 Ohio St.3d 51, 59; *State v. Franklin* (1991), 62 Ohio St.3d 118, 122.
>
> In the instant case, we find joinder was proper because the incidents are based on the same course of conduct. The charges alleged a course of consistent drug-related activity, i.e. drug trafficking, occurring on Wade Park Avenue in Cleveland.
>
> Moreover, Boyd has failed to demonstrate any prejudice by the joinder.

13

> The evidence in each case was simple and direct, involving easily distinguishable fact patterns. See *Hill*, supra; *State v. Santiago* (Sept. 27, 2001), Cuyahoga App. Nos. 78678/78715. There is no indication from the record that the jury confused the evidence as to the different counts or that it was influenced by the cumulative effect of the joinder. In fact, the jury's verdict demonstrates that they considered each charge separately, i.e. acquitting Boyd in Case No. 404164, finding him not guilty of possession of criminal tools in Case No. 417322, and finding him guilty on all other charges.

Petitioner's claim of improper joinder of offenses is articulated as a violation of state law which fails to rise to the level of a denial of fundamental fairness and, therefore, is not cognizable in federal habeas corpus. However, even if it was to be considered this Court would find that the decision of the state appellate court was neither objectively unreasonable nor did it involve an unreasonable application of federal law. Consequently, petitioner's second claim for relief must fail.

In his third claim for relief petitioner argues, as he did to the state appellate court, that the trial court erroneously instructed the jury upon, and included in the verdict forms, charges against him which had been dismissed prior to trial. The state appellate court rejected his claim, holding in pertinent part:

> Furthermore, even if Boyd had preserved this issue on appeal, we find his argument is inaccurate and without merit. In Case No. 426363, the State moved to dismiss counts 1, 2, 5 and 6 prior to trial. Accordingly, the State presented evidence as to only two counts of drug trafficking occurring on May 16, 2002, rather than six counts as listed in the indictment. However, in order to avoid any confusion with the jury, the trial court designated the counts as 1 and 2 for purposes of the jury verdict forms and charge, rather than counts 3 and 4. In doing so, the trial court stated the following:
>
>> "Just so the record is clear, on Case Number– 404 is the main case. 426363, count 1 and 2 is really count 3 and 4 of the indictment because count 1, 2, 5 and 6 were dismissed prior to the trial by the prosecutor. However, to not raise any suspicions in the jury's mind, we

14

> renumbered those to counts 1 and 2 just so the case number is clear."

Thus, the trial court renumbered the counts for the purpose of avoiding any confusion in the minds of the jury and to prevent and prejudice to the defendant.

Once again, petitioner's allegation of violation of state law fails to rise to the level of a denial of fundamental fairness and, therefore, is not cognizable in federal habeas corpus. If it was to be considered this Court would not find that the decision of the state appellate court on this matter was either objectively unreasonable or that it involved an unreasonable application of federal law. Consequently, petitioner's third claim for relief must fail.

In petitioner's final claim for relief he argues that the trial court committed "plain error" by accusing petitioner of attempting to blackmail the trial judge. Petitioner argued this claim of error unconvincingly to the state appellate court solely as a matter of violation of state law. The state appellate court rejected petitioner's argument, and held in pertinent part:

> In his last assignment of error, Boyd argues that the trial court committed plain error by accusing him of "blackmailing" the court. Specifically, Boyd claims the following colloquy between himself, his counsel, and the court, warrants a reversal of his conviction:
>
> "Ms. Tylee:   \*\*\*I related all this information to Mr. Boyd, that we discussed this at length, and his position is, he needed treatment, and unless there is a plea offer tendered which would make him eligible for treatment and probation supervision, he wishes to proceed to trial\*\*\*.
>
> The Court:   So, Mr. Boyd, what you're saying is, that unless we promise you probation, you're going to go to trial?

15

Ms. Tylee: If I get about five years probation, I will not want to go to trial or whatever.

The Court: Let me say this to you: You have the right to go to trial. This Court has the right to sentence you. I am not going to blackmail you into not using your rights, and you're not going to blackmail me either.

If you go to trial, and if you have a viable legal defense to these charges, I'm going to listen to it all and take that into account.

If, and when, you are found guilty, I will say, hey, it could have gone either way, this guy had the right to trial, that's it. If I listen to all this, and you don't have a viable legal defense I'll take that into account too. Do you understand what I'm saying?

Defendant: Yes.

The Court: If you go to trial to blackmail this Court, that will become apparent to me at some point, right, Miss Tylee?

\*\*\*

If that becomes apparent to me that you are attempting to blackmail this Court, it's not going to be a happy day. Do you understand that?

Defendant: Yes.

The Court: I have never, ever given a tougher sentence to somebody who went to trial because they had a viable legal defense,

16

>> or a viable claim of any sort, no matter how far-fetched, but when it becomes apparent to this Court that I'm going to trial because of a situation by a Defendant, then it will be an unhappy day in this courthouse. Do you understand that?"
>
> Contrary to Boyd's argument, we find no plain error in the court's discussion with him prior to trial. Boyd fails to identify how the above colloquy prejudiced him at trial or at sentencing. See, *State v. Slagle* (1992), 65 Ohio St.3d 597, 606-605, noting that plain error only exists if the outcome of the trial would have been different if the plain error had not occurred. Moreover, this conversation occurred outside the presence of the jury and, therefore, had no impact on their verdict.

This allegation of violation of state law fails to rise to the level of a denial of fundamental fairness and, therefore, is not cognizable in federal habeas corpus. However, even if it was to be considered, this Court would not find that the foregoing decision of the state appellate court was either objectively unreasonable or that it involved an unreasonable application of federal law.

Petitioner included for the first time in his argument to the state supreme court the claim that his constitutional right to a speedy trial had somehow been violated by reason of the court's comments that in exercising his right to trial petitioner was attempting to "blackmail" the court, and repeats his claim in his fourth claim for relief in these proceedings. That argument, standing alone, fails to cogently explain how the court's language impacted petitioner's speedy trial rights. As this Court is unable to decipher petitioner's argument on this issue, it cannot succeed on the merits.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

17

s/DAVID S. PERELMAN  
United States Magistrate Judge

DATE: July 21, 2005

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).