IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
LORENZO BOYD,                                   : CASE NO. 3:04 CV 7721
                                                :
                                     Petitioner, :
                                                :
             -vs-                               :
                                                :
CHRISTINE MONEY, Warden,                        : <u>ORDER ADOPTING AMENDED</u>
                                                : <u>REPORT AND RECOMMENDATION</u>
                                  Respondent.   : <u>AND DISMISSING HABEAS PETITION</u>
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is Lorenzo Boyd's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 on 18 November 2004.  (Docket # 1). This case was automatically referred to United States Magistrate Judge David S. Perelman for a Report and Recommendation ("R&R").  (Docket # 4).  On 8 June 2005, Magistrate Judge Perelman filed his R&R, recommending the petition be dismissed without further proceedings.  (Docket # 14).  On 6 July 2005, this Court adopted Magistrate Judge Perelman's R&R and entered a judgement in favor of Respondent, dismissing Mr. Boyd's petition without further proceedings.  (Docket # 15, 16).  However, due to clerical error, Petitioner never received a copy of the R&R, and did not have a chance to file a timely objection.  As a result, on 15 July 2005, Mr. Boyd filed a motion requesting this Court issue him a copy of the R&R, and allow him to make a timely objection.  (Docket # 17).  In response to Petitioner's motion, on 21 July 2005, this Court withdrew its order adopting the R&R, and re-filed the R&R to allow Mr. Boyd to make timely objections.

(Docket # 18, 19, 20). Petitioner filed his objection to the R&R on 10 August 2005. (Docket # 28).

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's R&R to which specific objections were made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In his objection to the Magistrate Judge's R&R, Petitioner reiterates his Sixth Amendment speedy trial claims and argues they were not properly raised on appeal due to ineffective counsel.[1] (Docket # 28). In his habeas petition, Petitioner asserted Sixth Amendment violations in two of his four claims of action. Because Petitioner's objection does not specifically denote to which claim his objection refers, this Court will review the validity of his Sixth Amendment argument in both his first and fourth claims.

In his first claim, Petitioner argued the trial court was without jurisdiction and in violation of his Sixth Amendment right to a speedy trial because the court failed to sufficiently document the jury verdict in his case. (Docket # 1). In his R&R, Magistrate Judge Perelman denies this claim under the exhaustion doctrine. (Docket # 19). In order to comply with the exhaustion doctrine, a petitioner must "fairly present" each of his or her federal constitutional claims in state court before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). Fair presentation requires that each federal constitutional claim be

---

1 -- "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.

made throughout the state appeals process in one of four ways: 1) in reliance on federal case law employing a constitutional analysis; 2) in reliance on state case law employing federal constitutional analysis; 3) by phrasing the claim in terms of federal constitutional law or in terms that sufficiently denote a federal constitutional claim; or 4) by "alleging facts well within the mainstream of constitutional law." Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005) (quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)). In addition, in order to preserve the claim in federal court, the petitioner must present the same legal theory in federal court as was presented to each of the state courts throughout the appeals process. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).

In both his appeal to the Ohio Eighth Circuit Court of Appeals – filed with assistance of counsel – and his appeal to the Ohio Supreme Court – filed *pro se* – Petitioner's first claim failed to meet any of the four criteria necessary to constitute fair presentation of a federal claim under Whiting. (Docket # 9, Exhibit 14, Pg. 1; Docket # 1, Exhibit A, Pg. 4). Petitioner's claim does not employ federal case law using a constitutional analysis; the state cases he cites reference only Ohio law; his arguments were not phrased in terms of federal constitutional law; and he did not allege facts well within the mainstream of constitutional law.

Mr. Boyd's claim of ineffective counsel does not rectify this error. His second appeal, filed *pro se*, reiterated the same state law claims made with assistance of counsel on the first appeal, and did not reference any federal law claims. Thus, pursuant to the Sixth Circuit's holding in Whiting, Petitioner failed to "fairly present" and exhaust his federal claim in state court before raising it in federal court. As a result, this Court can not hear those claims.

3

In his fourth claim, Petitioner argued that his Sixth Amendment right to a speedy trial was violated due to plain error at the trial court level. (Docket # 1). In his R&R, Magistrate Judge Perelman references Collins v. Perini, 594 F.2d 592 (6th Cir. 1979), and denies Petitioner's fourth claim. In Collins, the Sixth Circuit held that a claim is barred from being raised in a petition for post-conviction relief if that same claim was not raised on direct appeal. Id. at 593. Here, although Petitioner did claim the plain error resulted in a violation of his right to a speedy trial in his *pro se* appeal to the Ohio Supreme Court, he did not include that assertion in his original appeal to Ohio's Eighth Circuit Court of Appeals. (Docket # 9, Exhibit 14, Pg. 19-20). Instead, in that appeal, he simply claimed that the verdict should be vacated because of the trial court's error and made no reference to the federal Constitution. Pursuant to Collins, Petitioner is barred from raising that claim before the Court.

In his objection to the Magistrate Judge's R&R, Mr. Boyd claims that, but for ineffective counsel, he would have raised this objection in his initial appeal. In the Sixth Circuit, in order to succeed with a claim of ineffective assistance of appellate counsel, a petitioner must show that a reasonable probability exists that, except for counsel's deficient performance, he would have prevailed on appeal. Mapes v. Tate, 388 F.3d 187, 194 (6th Cir. 2004). In addition, the presumption of effective assistance will be overcome only when the ignored issues are clearly stronger than the issues presented. Joshua v. DeWitt, 341 F.3d 430, 441 (6th Cir. 2003). Appellate counsel is not ineffective for failing to raise an issue that lacks merit. Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003). Thus, in order to persuade the Court, Petitioner's fourth claim must have a reasonable probability of success.

4

In his R&R, Magistrate Judge Perelman directly addressed the validity of Petitioner's claim that the trial court's comments violated Petitioner's right to a speedy trial. The Magistrate Judge stated: "[t]hat argument, standing alone, fails to cogently explain how the court's language impacted petitioner's speedy trial rights. As this Court is unable to decipher petitioner's argument on this issue, it cannot succeed on the merits." (Docket # 19, Pg. 17).

This Court agrees with the Magistrate Judge; Petitioner did not articulate how the trial court's comments affected his right to a speedy trial in his appeal to the Ohio Supreme Court, nor in his habeas petition, nor in his objection to the R&R. Thus, Mr. Boyd has not persuaded the Court that his speedy trial claim would have a reasonable chance of succeeding had it not been omitted by counsel in the initial appeal. Accordingly, Petitioner's claim of ineffective assistance of counsel must fail, in turn barring the Court from hearing the speedy trial claim because it was not raised before the Ohio Eighth Circuit Court of Appeals.

After reviewing the relevant case law and Petitioner's objections, this Court adopts the Magistrate Judge's Amended Report and Recommendation. Accordingly, Mr. Boyd's petition is dismissed without further proceedings.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 13 June 2006

5