IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

LORENZO BOYD,  : CASE NO.  3:04 CV 7721
 :
 Petitioner,  :
 : OPINION AND ORDER GRANTING
 -vs- : PETITIONER'S APPLICATION TO
 : PROCEED IN FORMA PAUPERIS AND
 : DECLINING TO ISSUE A
CHRISTINE MONEY, WARDEN,  : CERTIFICATE OF APPEALABILITY
 :
 Respondent.  :
---  :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Lorenzo Boyd ("Boyd" or "petitioner") filed a petition for a writ of habeas corpus raising four claims for relief. (Docket No. 1). United States Magistrate Judge David S. Perelman submitted a Report and Recommendation ("R&R") proposing denial of the petition, in that all grounds asserted were both procedurally defaulted and lacked merit. (Docket No. 19). This Court issued an Opinion and Order reviewing the grounds presented in the R&R for denying Mr. Boyd's petition, adopting the R&R, and dismissing the habeas petition. (Docket No. 34). Petitioner has now filed a Notice of Appeal and seeks a certificate of appealability ("COA"), (Docket Nos. 36, 39) and requests leave to proceed in forma pauperis. (Docket No. 22). See Castro v. United States, 310 F.3d 900, 901-02 (6th Cir. 2002).

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir.1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. In re Certificates of Appealability, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's

dismissal of petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Mr. Boyd presented four grounds for relief in his habeas petition. The amended R&R recounts each ground and the supporting facts enunciated in Mr. Boyd's petition. (Docket No. 19, pp. 3-4). After reviewing Mr. Boyd's objections to the R&R, on the grounds of speedy trial and ineffective assistance of counsel, this Court adopted the amended R&R and dismissed the habeas petition.

In his first ground for relief Mr. Boyd maintained the trial court lacked jurisdiction and was in violation of his Sixth Amendment right to a speedy trial when the trial court allegedly failed to properly document the jury verdict in his case. (Docket Nos. 1, 19, 28). This Court determined Mr. Boyd's first claim was procedurally defaulted pursuant to the exhaustion doctrine as he failed to fairly present this claim to the state courts as a federal constitutional violation. See Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F. 3d 1193, 1196 (6th Cir. 1995). This Court concluded that petitioner's second and third claims were procedurally defaulted pursuant to the same exhaustion doctrine premise. (Docket No. 19, 34).

Mr. Boyd's fourth assignment of error to the state supreme court asserts the denial of a federal constitutional right. Petitioner maintains his "Constitutional right to a Speedy trial was violated, the court insist [sic] because the appellant sought to exercise his right to trial he was attempting to blackmail her [the trial court judge]." (Docket No. 1). As petitioner could have, but failed, to raise a speedy trial issue on direct appeal to the Ohio Eighth District, he is barred from raising the issue in a delayed appeal or in a petition for post-conviction relief. Collins v. Perini, 594 F. 2d 592, 593 (6th Cir. 1979);

3

Rust v. Zent, 17 F. 3d 155, 160 (6th Cir. 1994). As a consequence, this Court did not consider legally tenable Mr. Boyd's fourth claim because he possessed no remaining available state remedies to exhaust and, as with his first three claims, he provided no evidence of cause for, or prejudice from, such default. Upon review of the petitioner's COA with regard to the fourth ground for habeas relief, this Court determines that Mr. Boyd has not demonstrated that reasonable jurists would find this Court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000).

Moreover, this Court determined that petitioner's claims for relief also failed upon a merits review. With regard to Mr. Boyd's first claim for relief, that the trial court's improper journalization of the jury's verdict requires his conviction be vacated, the state appellate court observed Mr. "Boyd has not suffered any prejudice as a result of the clerical error nor is there any statute mandating a reversal as a result of the error." (Relying on Crim. R. 36 & App. R. 9(E)). Considering that the wrong complained of was corrected by the state appellate court, this Court concluded that petitioner's first claim for relief must fail. As Mr. Boyd does not establish that reasonable jurists would find this Court's assessment of the claim forming the petitioner's first ground for relief debatable or wrong, pursuant to the standard laid down in Slack, this Court denies a COA for Mr. Boyd's first claim.

With regard to Mr. Boyd's second claim for relief, that the trial court improperly joined multiple unrelated cases for trial, the state appellate court found "joinder proper because the incidents are based on the same course of conduct. The charges alleged a course of consistent drug-related activity." The court further noted that Mr. Boyd failed to demonstrate any prejudice by the joinder. (Docket No. 19, pp. 13-14). As petitioner

4

articulated his claim of improper joinder of offenses as a violation of state law he fails to state a cognizable claim in federal habeas jurisprudence. Yet, even if Mr. Boyd's second claim rose to the level of claiming a denial of fundamental fairness, this Court found that the decision of the state appellate court was neither objectively unreasonable nor involved an unreasonable application of federal law. Upon review of the petitioner's COA with regard to the second ground for habeas relief, this Court determines that Mr. Boyd has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000).

Reviewing Mr. Boyd's third claim for relief, in which the petitioner argues that the trial court erroneously instructed the jury by including charges in the verdict form which had been dismissed prior to trial, the state appellate court noted the trial court had merely renumbered the counts for clarity and explained its actions clearly to the jury. (Docket No. 19, pp. 14-15). As petitioner articulated his claim of erroneous jury instructions as a violation of state law he fails to state a cognizable claim in federal habeas jurisprudence. Yet, even if Mr. Boyd's third claim asserted a denial of fundamental fairness, this Court found that the decision of the state appellate court was neither objectively unreasonable nor involved an unreasonable application of federal law. Upon review of the petitioner's COA with regard to the third ground for habeas relief, this Court determines that Mr. Boyd has not demonstrated that reasonable jurists would find this Court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000).

5

Reviewing the petitioner's fourth claim – that the trial court committed "plain error" by accusing Mr. Boyd of trying to blackmail the court – the appellate court examined the extended colloquy (Docket No. 19, p. 15-17) and found no plain error and no evidence that the colloquy produced prejudice at trial or at sentencing. Mr. Boyd articulated his claim of error to the state appellate court solely as a matter of violation of state law. As such his claim is not cognizable for federal habeas relief as it fails to assert a denial of fundamental fairness. Upon review of the petitioner's COA with regard to the fourth ground for habeas relief, this Court determines that Mr. Boyd has not demonstrated that reasonable jurists would find this Court's assessment of the claim debatable or wrong.

In sum, the Court finds that jurists of reason would not find the Court's assessment of petitioner's claims for habeas corpus relief to be debatable or wrong. Slack v. McDaniel, 529 U.S. 483, 484 (2000). Therefore, petitioner has failed to show that he is entitled to a certificate of appealability. Accordingly, the court declines to issue a certificate of appealability.

Petitioner's application to proceed in forma pauperis, however, will be granted. (Docket No. 22). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." United States v. Cahill-Masching, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir.2000). Although the court finds that a certificate of appealability

6

should not issue, the court concludes that an appeal in this case may be taken in good faith.

Accordingly, the Court declines to issue a certificate of appealability and further grants the petitioner's application to proceed on appeal without prepayment of fees and costs.

IT IS SO ORDERED.

      /s/ Lesley Wells 11/20/06
     UNITED STATES DISTRICT JUDGE